**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY J. WUMMEL,
          Plaintiff,

                                        Case No. 12-14860
    v.                                HON. TERRENCE G. BERG

COMMISSIONER OF SOCIAL SECURITY,
          Defendant.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEYS' FEES**
**(DKT 30)**

Petitioner Frederick J. Daley, attorney for Plaintiff Jeffrey J. Wummel, has filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) (Dkt. 30). Having considered the complexity of the case and all the surrounding circumstances, the motion will be granted.

On December 27, 2013, the Court accepted and adopted the Magistrate Judge's Report and Recommendation and remanded the case to the Social Security Administration ("SSA") for further consideration. (Dkt. 22). On February 5, 2014, the Court entered an order awarding Petitioner $5,400 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA.") (Dkt. 28). On remand, the SSA awarded Plaintiff disability benefits. (Dkt. 30, Ex. A). SSA's June 15, 2015 notice of award indicated that Plaintiff had accrued $116,435 in past-due benefits for the period of March 2011 through April 2015 and that it would withhold 25% of this amount—$29,108.75—for a potential payment of attorneys' fees. (*Id.*). The

determination of appropriate attorneys' fees is left to this Court; any amount not awarded to Petitioner will go to Plaintiff. (*Id.*).

On July 1, 2015, Petitioner moved for an award of the full $29,108.75 in attorneys' fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) for representing Plaintiff before this Court pursuant to a written contingency-fee agreement with Plaintiff. (Dkt. 30). Under the terms of the contingency-fee agreement, Plaintiff agreed to pay his attorneys 25% of his past-due benefits. (Dkt. 30, Ex. B). Petitioner states that upon authorization of the full amount of the requested § 406(b) fees, he will remit the EAJA fees of $5,400 to Plaintiff (Dkt. 30, p. 5) and forego seeking fees under § 406(a) for Petitioner's representation before the SSA (Dkt. 35, p. 1, n.1). Plaintiff supports awarding Petitioner the full 25% in attorneys' fees. (Dkt. 35, Ex. A) ("Due to Mr. Daley, I now have a monthly income, health insurance, a sense of security and an opportunity to get on my own again. I can't thank him enough for all that he has done. I ask you to please honor our contract and pay Mr. Daley his 25% . . . ."). The Commissioner argues that the award would constitute a windfall.

## ANALYSIS

Section 406(b) of Title 42 of the United States Code authorizes the Court to award attorneys' fees following the successful disposition of a Social Security disability appeal.[1] Section 406(b) permits the recovery of a "reasonable fee," not in

---

[1] In addition to § 406(b), § 406(a) permits the recovery of fees for representing a Social Security claimant at the administrative level, provided that the fees do not exceed the "lesser of 25 percent of past-due benefits or $4,000 (increased to $5,300 effective February 2002)." *Gisbrecht v. Barnhart*,

2

excess of 25% of a claimant's past-due benefits. Section 406(b) requires judicial review as an "independent check" to ensure that attorneys' fees are reasonable under to the circumstances of the particular case. *Gisbrecht*, 535 U.S. at 807. Where an attorney has received an award of attorneys' fees under the EAJA, and subsequently seeks fees under § 406(b), the attorney must return the lesser of the two awards to the Plaintiff. *See Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

The Supreme Court has held that § 406(b) does not bar contingency-fee agreements. *Gisbrecht*, 535 U.S. at 805. Further, it has explicitly rejected the use of the lodestar method as the basis for calculating attorneys' fees in the Social Security context. *Id.* at 797-98. While contingency-fee agreements are permissible, courts must ensure that they are reasonable. *Id.* at 807.

Here, Petitioner seeks 25% of Plaintiff's past-due benefits, totaling $29,108.75. According to Petitioner's time-log, Petitioner expended a total of 30.3 hours representing Plaintiff before this Court.[2] (Dkt. 30, Ex. D). The Court's award of $29,108.75 in fees, therefore, when divided by 30.3 hours of work would be equivalent to an hourly rate of $960.68.[3] The Commissioner argues that this award

---

535 U.S. 789, 795 (2002). "The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Id.* at 795-96.

[2] Defendant Social Security's contention that Petitioner should not be compensated for the one hour he spent preparing this motion for attorneys' fees is well-taken as § 406(b) only provides fees for representing claimants the Court.

[3] If the Court includes non-attorney staff time, (totaling 5.88 hours), and compensates it a rate of .4 hours as suggested by Commissioner, the hourly rate would drop to $891.54.

3

would constitute a windfall as counsel has failed to establish that such a high rate is reasonable in this case.

The Sixth Circuit has explained that fee deductions generally fall into two categories "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended.*" *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420-21 (6th Cir. 1990) (emphasis in original) (internal citation omitted). As neither party has alleged that Petitioner engaged in improper conduct or expended only minimal effort in this matter, the Court's inquiry turns to whether Petitioner's request of $29,108.75 in fees represents an impermissible windfall based on 30.3 hours of work.

The Court will make its reasonableness determination with a number of principles in mind. As the Sixth Circuit has explained, a contingency fee that translates into an hourly rate less than twice the "standard rate" for such work in the relevant market is per se reasonable and not a windfall. *Id.* at 422. Where the rate exceeds this threshold, a fee request may nonetheless be reasonable. *Id.* In determining whether it is reasonable, a court may consider "arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Id.* Furthermore, although a twenty-five percent fee agreement between attorney and client should not be viewed as reasonable per se,

4

such a fee should be accorded a rebuttable presumption of reasonableness. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).

Moreover, the Court recognizes that Social Security practitioners accepting contingent-fee arrangements bear the sometimes high risk of non-payment in unsuccessful cases.

> In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Sec'y of Health and Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).

Considering all the relevant factors, the Court finds that an award of $29,108.75—while high—does not constitute a windfall in this case. Here, as in *Borgman v. Comm'r of Soc. Sec.*, No. 11-CV-12938, 2014 WL 2217135, at *1 (E.D. Mich. May 29, 2014), the attorneys are highly experienced. Attorney Freeman has practiced social security law for over ten years. She regularly presents at the National Organization of Social Security Claimant's Representatives ("NOSSCR,") as well as at continuing legal education programs. (Dkt. 30, Ex. C). Further, she is co-author of a chapter in the 2005-2015 editions of the *Social Security Disability Advocate's Handbook* (James Publishing). It is fair to state that Ms. Freeman practices at the top of her profession. As for Petitioner Daley, he has represented social security claimants since 1973 and brings over four decades of experience to these matters.

In addition to highly experienced counsel, the Court notes Plaintiff's exceptionally strong letter in support of Petitioner's receipt of the fees. In this letter, Plaintiff explains that he had been trying to obtain social security benefits without success since 2006, until he hired Petitioner to take his case. This letter deserves significant weight in considering Petitioner's request of fees.

Moreover, the Court credits Petitioner's argument that this case involved complex res judicata issues on the applicability of the Sixth Circuit's opinion in *Drummond v. Comm'r of Soc. Security*, 126 F.3d 837 (6th Cir. 1997), in addition to the more common arguments concerning whether the ALJ had properly assessed the Plaintiff's functional limitations.

And the Court notes that such high fee awards are not unheard of in this district. *See Borgman v. Comm'r of Soc. Sec.*, No. 11-CV-12938, 2014 WL 2217135, at *1 (E.D. Mich. May 29, 2014); *see also Bergschwenger v. Comm'r Soc. Security*, E.D. Mich. Case No. 11-11752, Dkt. 36 (Oct. 31, 2013) (Cox, J.).

//

//

//

//

//

For all these reasons, the Court holds that an award of $29,108.75 is fair and reasonable, provided that Petitioner refund the amount previously awarded as EAJA fees ($5,400) to Plaintiff.

**SO ORDERED**.

Dated:  January 21, 2016                                s/Terrence G. Berg
                                                        TERRENCE G. BERG
                                                        UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on January 21, 2016, using the CM/ECF system, which will send notification to all parties.

                                                        s/A. Chubb
                                                        Case Manager